LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CISE MARTIN,
*on behalf of herself and FLSA Collective Plaintiffs*,

        Plaintiff,

    v.

EB2 GOURMET, INC. d/b/a TURKISS,
MELEK ESRA CAVUSOGLU,
BOGAC DUMANKAYA,
CEM BURAK DUMANKAYA, and
MAX UNKER,

        Defendants.

---

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, CISE MARTIN (hereinafter, "Plaintiff"), on behalf of herself and FLSA Collective Plaintiffs, by and through her undersigned attorneys, hereby files this Complaint against Defendants, EB2 GOURMET, INC. d/b/a TURKISS (hereinafter "Corporate Defendant"), MELEK ESRA CAVUSOGLU, BOGAC DUMANKAYA, CEM BURAK DUMANKAYA, and MAX UNKER (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law, that she and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages, (3) unpaid spread of hours premiums, (4) liquidated damages and statutory penalties, and (5) attorneys' fees and costs.

3. Plaintiff further alleges, pursuant to the FLSA and the New York Labor Law, that due to Defendants' retaliation against her, she is entitled to recover compensatory damages, punitive damages, and all other penalties from Defendants the Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff CISE MARTIN is a resident of Queens County, New York.

7. Corporate Defendant EB2 GOURMET INC. d/b/a TURKISS is a domestic business corporation organized under the laws of New York State, with a principal place of business located at 104 MacDougal Street, New York, New York 10012 and an address for service of process located at 80 Clinton Street, Suite D324, Hempstead, New York 11550.

8. Individual Defendant MELEK ESRA CAVUSOGLU is an owner of Corporate Defendant. MELEK ESRA CAVUSOGLU exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs. MELEK ESRA CAVUSOGLU had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, (iv) supervise and delegate authority to supervisors of Plaintiff and FLSA Collective Plaintiffs, and (v) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to MELEK ESRA CAVUSOGLU regarding any of the terms of their employment, and MELEK ESRA CAVUSOGLU would have the authority to effect any changes to the quality and terms of their employment. MELEK ESRA CAVUSOGLU regularly visited the restaurant and directly reprimanded any employee who did not perform his or her duties correctly. MELEK ESRA CAVUSOGLU ensured that employees effectively served customers and that the business was operating efficiently and profitably, and exercised functional control over the business and financial operations of Corporate Defendant.

9. Individual Defendant BOGAC DUMANKAYA is an owner of Corporate Defendant. BOGAC DUMANKAYA exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs. BOGAC DUMANKAYA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, (iv) supervise and delegate authority to supervisors of Plaintiff and FLSA Collective Plaintiffs, and (v) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to BOGAC DUMANKAYA regarding any of the terms of their employment, and BOGAC DUMANKAYA would have the authority to effect any changes to the quality and terms of their employment. BOGAC DUMANKAYA regularly visited the

restaurant and directly reprimanded any employee who did not perform his or her duties correctly. BOGAC DUMANKAYA ensured that employees effectively served customers and that the business was operating efficiently and profitably, and exercised functional control over the business and financial operations of the Corporate Defendant.

10. Individual Defendant CEM BURAK DUMANKAYA is an owner of Corporate Defendant. CEM BURAK DUMANKAYA exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs. CEM BURAK DUMANKAYA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, (iv) supervise and delegate authority to supervisors of Plaintiff and FLSA Collective Plaintiffs, and (v) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to CEM BURAK DUMANKAYA regarding any of the terms of their employment, and CEM BURAK DUMANKAYA would have the authority to effect any changes to the quality and terms of their employment. CEM BURAK DUMANKAYA regularly visited the restaurant and directly reprimanded any employee who did not perform his or her duties correctly. CEM BURAK DUMANKAYA ensured that employees effectively served customers and that the business was operating efficiently and profitably, and exercised functional control over the business and financial operations of Corporate Defendants.

11. Individual Defendant MAX UNKER is the general manager of Turkiss. MAX UNKER exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs. MAX UNKER exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (vi) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain

to MAX UNKER regarding any of their employment terms, and MAX UNKER would have the authority to effect any changes to the quality and terms of their employment. MAX UNKER ensured that employees effectively served customers and that the business was operating efficiently and profitably.

12. At all relevant times, Corporate Defendant EB2 GOURMET INC. d/b/a TURKISS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt workers, including servers, cashiers, runners, delivery persons, cooks, dishwashers, and food preparers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one-half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last address known to Defendants.

## STATEMENT OF FACTS

18. On or around July 25, 2018, Plaintiff CISE MARTIN was hired by Defendants to work as a cashier for Defendants' restaurant located at 104 MacDougal Street, New York, New York 10012.

19. Plaintiff worked for Defendants until on or around August 20, 2018, when she was discharged by Defendants.

20. During her employment, Plaintiff was scheduled to work 6 days a week, from 7:00 p.m. to 4:00 a.m. or 5:00 a.m., for a total of fifty-four (54) to sixty (60) hours per week.

21. During her employment, Plaintiff was paid at a straight-time wage of $11 per hour no matter how many hours she worked.

22. Plaintiff regularly worked in excess of forty (40) hours per workweek during her employment by Defendants. However, Defendants only paid Plaintiff a straight-time rate of $11 per hour for all hours she worked in excess of forty each week.

23. Furthermore, Plaintiff worked her regularly scheduled hours during the last two weeks of her employment by Defendants. However, Defendants did not compensate Plaintiff at all for the last two weeks of her employment.

24. From the start of her employment until on or about August 1, 2018, Plaintiff was not required to clock in and out of work. Beginning in August 2018, Plaintiff was required to clock in

and out of work.

25. Plaintiff was required to eat her meals while working and was not given any lunch breaks.

26. During her employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, she never received any spread of hours premiums for working such shifts, as required under the New York Labor Law.

27. During her employment, Plaintiff received her compensation entirely in cash and was never provided with a pay stub from Defendants.

28. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to Plaintiff and FLSA Collective Plaintiffs.

29. Defendants knowingly and willfully operated their business with a policy of not allowing meal breaks to Plaintiff and FLSA Collective Plaintiffs, in violation of the New York Labor Law.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate of time and one-half or the New York State overtime rate of time and one-half for hours worked in excess of forty.

31. Defendants knowingly and willingly failed to compensate Plaintiff for the last two weeks of her employment.

32. Defendants unlawfully failed to pay Plaintiff and other non-exempt employees spread of hours premiums for working shifts exceeding ten (10) hours in duration, as required under the New York Labor Law.

33. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and FLSA Collective Plaintiffs, in violation of the New

York Labor Law.

34. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and FLSA Collective Plaintiffs at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

*Retaliation Claims*

35. When they discovered that Plaintiff intended to bring a lawsuit against them, Defendants unlawfully retaliated against Plaintiff and attempted to intimidate her.

36. Upon learning that Plaintiff was preparing to file this lawsuit, Defendants sent several text messages to her, threatening to physically and emotionally harm Plaintiff and her family unless she refrained from filing the lawsuit. For example, employees of Defendant contacted Plaintiff and threatened to spread false rumors and deceptively tell her husband she was having an affair with a coworker unless she agreed to not pursue a lawsuit.

37. Defendants sent Plaintiff several text messages containing threats and verbal abuse, and despite Plaintiff's requests for Defendants to cease this behavior, continued to imply that they would come after Plaintiff and her family if she brought this lawsuit against Defendants.

38. Throughout Plaintiff's employment, she was harassed, verbally abused, and sent threatening text messages by other employees of Defendants on a regular basis because she had complained about Defendants' pay policies. However, Defendants had knowledge of this and promoted the harassment, and did not make any effort to resolve the issues.

39. Defendants knowingly and willfully subjected Plaintiff to their retaliation, threats, verbal abuse, and harassment by other employees. Defendants did not establish a non-retaliation or anti-harassment policy for employees.

40. As a result of Defendants' unlawful retaliatory conduct, Plaintiff suffered economic

damages and severe emotional distress.

41. Plaintiff retained Lee Litigation Group, PLLC to represent her and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

44. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

45. At all relevant times, Corporate Defendant EB2 GOURMET INC. d/b/a TURKISS had gross revenues in excess of $500,000.

46. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

47. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of forty, pursuant to the FLSA.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when

Defendants knew or should have known such was due.

49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently determinable of unpaid wages, plus an equal amount as liquidated damages.

52. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and FLSA Collective Plaintiffs were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by

failing to pay them overtime compensation at rates of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty in a workweek.

57. Defendants willfully violated Plaintiff and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

58. Defendants willfully violated Plaintiff and FLSA Collective Plaintiffs' rights by failing to pay them spread of hours premiums for working shifts of over ten (10) hours in duration each workweek.

59. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and FLSA Collective Plaintiffs, in violation of the New York Labor Law.

60. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and FLSA Collective Plaintiffs at the beginning of their employment and annually thereafter, in violation of the New York Labor Law.

61. Because of Defendants' New York Labor Law violations, Plaintiff and FLSA Collective Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid spread of hours premiums, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

## BREACH OF CONTRACT

62. Plaintiff is entitled to compensatory damages resulting from Defendants' failure to compensate her at all for the last two weeks of her employment.

## COUNT IV

## **RETALIATION UNDER THE FAIR LABOR STANDARDS ACT**

63. Plaintiff realleges and reavers Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. Upon discovering that Plaintiff was preparing to bring the current lawsuit, Defendants retaliated against Plaintiff by threatening physical and emotional harm to Plaintiff and her family if she brought the lawsuit. Defendants also encouraged Plaintiff's coworkers to harass her.

65. Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3).

66. Plaintiff suffered economic loss and mental distress from Defendants' retaliatory actions and having her employment compromised.

67. Because of Defendants' unlawful retaliation under the FLSA, Plaintiff is entitled to recover compensatory damages, punitive damages, and all other penalties from Defendants the Court deems appropriate.

## COUNT V

## **RETALIATION UNDER THE NEW YORK LABOR LAW**

68. Plaintiff realleges and reavers Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. Upon discovering that Plaintiff was preparing to bring the current lawsuit, Defendants retaliated against Plaintiff by blackmailing her, threatening physical and emotional harm if she brought the lawsuit.

70. Defendants' actions constituted a violation of New York Labor Law § 215.

71. Plaintiff suffered economic loss and mental distress from Defendants' retaliatory

actions and having her employment compromised.

72. Because of Defendants' unlawful retaliation under the New York Labor Law, Plaintiff is entitled to recover from Defendants compensatory damages, punitive damages, and all other penalties the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

d. An award of unpaid minimum wages due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and spread of hours premiums pursuant to the New York Labor Law;

g. An award of compensatory and punitive damages for Defendants' unlawful retaliation against Plaintiff under the FLSA and New York Labor Law;

h. An award of compensatory damages resulting from Defendants' breach of their employment contract with Plaintiff;

i. An award of statutory penalties, and prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, demands a trial by jury on all issues so triable as of right by jury.

Dated: April 8, 2019                    Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By:     */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)